# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:16-100-KKC |
|     Plaintiff, | |
| V. | OPINION AND ORDER |
| JOSHUA WAYNE SMITH, | |
|     Defendant. | |

*** *** ***

This matter is before the Court on the defendant Joshua Smith's motion (DE 32) to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

On January 31, 2017 Smith pleaded guilty to the offense of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). By judgment dated April 18, 2017, the Court sentenced Smith to a prison term of 54 months. According to the Bureau of Prisons' website, Smith will complete his sentence on November 29, 2025. He is currently incarcerated at Cumberland FIC.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to

the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, Smith states that he has made a written request to the Warden of his facility and has not received a response. The government does not dispute that Smith has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling."  The Sixth Circuit previously held that district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time of *Jones*, applied only to motions for compassionate release filed by the warden; it did not apply to motions for compassionate release filed by inmates. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018). However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to make it applicable to inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023).

Smith asserts the following as extraordinary and compelling circumstances: (1) he has had cancer in the past and needs regular scans; (2) he needs to care for his mother who has high blood

pressure and liver issues; (3) his sons need parental care; (4) he has completed rehabilitative efforts; and (5) his original sentence was miscalculated.

The policy statement provides examples of extraordinary and compelling circumstances, which include medical circumstances of the defendant and certain family circumstances of the defendant. U.S.S.G. 1B1.13(b)(1)-(3). Medical circumstances of the defendant may be extraordinary if the defendant is suffering from terminal illness, a serious physical or medical condition, or a serious functional or cognitive impairment that substantially diminishes the defendant's ability to provide self-care within the correctional facility and the defendant is not expected to recover. U.S.S.G. 1B1.13(b)(1). The incapacitation of the defendant's parent may be grounds for compassionate release when the defendant would be the only available caregiver for the parent. U.S.S.G. 1B1.13(b)(3)(C). The family circumstances include "the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. 1B1.13(b)(3)(A). The policy statement also provides that circumstances "similar in gravity" to the other circumstances set forth in the statement can also constitute extraordinary and compelling circumstances. U.S.S.G. 1B1.13(b)(5).

## I. Personal Health Issues

In his letter to the Court, Smith states that he has had cancer in the past and is supposed to get CT scans every six months. Smith, however, does not currently have cancer. Rather, he is in remission. This does not qualify as an extraordinary circumstance since he does not currently have a medical condition that substantially diminishes his ability for care within the facility.

## II. Mother's Health Issues

Smith also cites his mother's health issues as a reason for compassionate release. He claims his mother has high blood pressure, liver issues, and needs back surgery. Smith states that he is the primary caregiver for his mother.

Smith has failed to provide evidence adequately substantiating his claim that his mother is incapacitated, as required by U.S.S.G. 1B1.13(b)(3)(C). "Incapacitation" within the meaning of § 1B1.13(b)(3) typically means that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." *See United States v. Steele*, No. 1:20-cr-13-4, 2024 U.S. Dist. LEXIS 79595, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024). Smith has made no such assertions regarding his mother's condition. Further, his mother's letter to the Court does not mention any health issues of her own. (DE 32-3 and 32-4). Smith also does not claim that he is the sole caregiver for his mother, he only claims that he is her primary caregiver. Without proving that Defendant is the only available caregiver or that his mother is incapacitated, the Court cannot find that these circumstances rise to the level of extraordinary and compelling reasons warranting compassionate release.

### III. Care for Children

In his motion for compassionate release, Smith argues that he is entitled to a sentence reduction so he can be a caregiver for his children, especially his youngest son who is "currently facing significant challenges in his life." (DE 32 at 2.) Smith has not argued, however, that his son's caregiver is incapacitated pursuant to U.S.S.G. 1B1.13(b)(3)(A). His mother has stated that she cares for his sons. (DE 32-3.) Accordingly, this does not qualify as grounds for compassionate release.

### IV. Rehabilitation

Smith also argues that his rehabilitative efforts justify a reduced sentence. However, rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for

4

compassionate release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Accordingly, while the Court recognizes that defendant has taken some steps to rehabilitate himself, such efforts alone statutorily cannot constitute extraordinary and compelling grounds for release.

## V.  Calculation of Sentence

Last, Smith claims that his original sentence was unfair because the Court overcalculated his criminal offense and criminal offender score. At the time of sentencing, Smith did not object to any enhancements and the time to do so has now passed. Smith cannot now raise objections to his original sentence as grounds for compassionate release.

## CONCLUSION

For all these reasons, the Court hereby ORDERS that Smith's motion for compassionate release (DE 32) is DENIED.

This 27th day of August, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY